# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> $80,000.00 IN U.S. CURRENCY, <br><br> Defendant. | Case No. 2:21-cv-00763-ODW (KS) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [14]** |

## I. INTRODUCTION AND BACKGROUND

On January 27, 2021, Plaintiff United States of America ("the Government") initiated this *in rem* forfeiture action against Defendant $80,000.00 in U.S. Currency ("Defendant Currency"), pursuant to 18 U.S.C § 981(a)(1)(C). (Compl. ¶ 1, ECF No. 1.) The Government seeks forfeiture of the Defendant Currency, which was seized during the execution of a warrant on August 22, 2019, at the residence of Collins Nnaemeka Ojimba ("Ojimba") in Hawthorne, California. (*Id.* ¶ 5.) The Government alleges that "the [D]efendant [C]urrency represents or is traceable to proceeds of violations, or a conspiracy to commit violations of 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud), 1344 (bank fraud) and 1956 (conspiracy to engage in money

laundering), each of which is a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1)." (*Id.* ¶ 19.) The Government contends that the Defendant Currency is therefore subject to forfeiture based on its connection to unlawful activity. (*Id.*)

The Government identified the Estate of Ojimba, successor in interest to Ojimba, as having a potential interest in the Defendant Currency. (*Id.* ¶ 7.) On February 1, 2021, the Government published notice of civil forfeiture on an official government website for thirty days pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Mot. Default J. ("Motion" or "Mot.") 1, ECF No. 14; Decl. of Katharine Schonbachler ("Schonbachler Decl.") ¶ 4, Ex. B, ECF Nos. 14-1, 14-2.) On February 3, 2021, the Government provided written notice of this action to Ojimba via certified mail at his last known addresses and received delivery confirmation (via signed return receipts) for each notice. (Mot. 1–2; Schonbachler Decl. ¶¶ 5–6, Exs. C–F, ECF No. 14-2.) Process was executed on the Defendant Currency by the United States Marshals Service in accordance with the Supplemental Rules. (Mot. 1; Schonbachler Decl. ¶ 3, Ex. A.) The time for Ojimba to file a claim or answer has expired, and Ojimba has filed neither. (Schonbachler Decl. ¶ 7.) Additionally, the time for filing a claim or answer for all interested parties who did not receive direct notice has expired and no potential claimant has filed a claim or answer. (Schonbachler Decl. ¶¶ 7–9.)

On May 14, 2021, the Clerk entered default as to the interests of Ojimba and all other potential claimants regarding the Defendant Currency. (Default, ECF No. 12.) On May 19, 2021, the Government filed the present Motion. (*See* Mot.) Pursuant to Local Rule 7-9, any opposition to the government's Motion was due no later than twenty-one days before the June 21, 2021 hearing date. The Court received no

2

opposition to the Motion. For the reasons discussed below, the Court **GRANTS** the Government's Motion for Default Judgment.[1]

## II. LEGAL STANDARD

Plaintiffs seeking default judgment must meet certain procedural requirements, as set forth in Federal Rule of Civil Procedure ("Rule") 55 and Central District of California Local Rule ("Local Rule") 55-1. *See* Fed. R. Civ. P. 55; C.D. Cal. L.R. 55-1. Local Rule 55-1 requires that motions for default judgment include: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and (5) that the defaulting party was properly served with notice, if required under Rule 55(b)(2). *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1006 (C.D. Cal. 2014).

Once the procedural requirements are satisfied, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Generally, a defendant's liability is conclusively established upon entry of default by the Clerk, and well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). Still, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). Rather, the court considers several factors in exercising its discretion, including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

default was due to excusable neglect; and (7) the strong policy favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th. Cir. 1986).

### III. DISCUSSION

**A. Procedural Requirements**

The Government satisfies the requirements set forth in FRCP 54(c) and 55, as well as Local Rules 55-1 and 55-2. It has submitted a declaration supporting that: (1) the Clerk entered default against the interests of Ojimba and all other potential claimants on May 14, 2021; (2) no potential claimants responded to the Complaint the Government filed on January 27, 2021; (3) Ojimba is neither an infant nor an incompetent; (4) Ojimba is not covered under the Servicemembers Civil Relief Act, and (5) although not required under FRCP 55(b)(2) because Ojimba has not appeared in any capacity, the Government mailed a copy of this Motion to Ojimba on May 19, 2021. (Schonbachler Decl. ¶¶ 10–13.) Thus, the procedural requirements do not preclude entry of default judgment.

**B. *Eitel* Factors**

Once the procedural requirements have been met, district courts consider the seven *Eitel* Factors. The Court finds that on balance, the *Eitel* Factors weigh in favor of granting default judgment.

The allegations establish that the Defendant Currency represents or is traceable to proceeds of committing, or conspiring to commit mail fraud, wire fraud, bank fraud, and to engage in money laundering, which are specified unlawful activities in violation of 18 U.S.C. §§ 1956(c)(7) and 1961(1). Thus, the Defendant Currency is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C). The allegations in the Complaint establish both the Complaint's sufficiency and the substantive merits of the Government's claim. Furthermore, no claims have been filed on behalf of any potential claimants. Thus, the Government's interest in an efficient resolution of the case outweighs any potential claimant's interest in adjudication on the merits. *See PepsiCo*,

238 F. Supp. 2d at 1177 ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible.").

Having determined that entry of default judgment is appropriate, the Court finds that forfeiture of the Defendant Currency to the United States for disposition according to law is proper because it does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); (Compl., Prayer for Relief.)

### IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Government's Motion for Default Judgment. (ECF No. 14.)

**IT IS SO ORDERED.**

July 9, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**